UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RANDY L. HAGANS,

    Plaintiff,

v.       Civil No. 2:17cv654

CITY OF NORFOLK,

    Defendant.

## ORDER

The matters before the Court are a Motion for Summary Judgment, a request for hearing, and a Motion *in Limine* to Exclude Testimony filed by the City of Norfolk ("Defendant" or "City"). For the reasons stated below, Defendant's Motion for Summary Judgment (ECF No. 22) is **GRANTED**; the request for hearing (ECF No. 26) is **DENIED**; the Motion *in Limine* (ECF No. 27) is **DENIED as moot**.

### I. BACKGROUND

Mr. Hagans ("Plaintiff") was employed beginning in December 2003 as a Child Counselor III by the City in its Department of Human Services at a juvenile detention center operated by the City. On September 12, 2015, Mr. Hagans was involved in a restraint situation with a then-seventeen-year-old resident of the detention center. The resident became agitated after Mr. Hagans told him to go to his room following verbal insubordination.

The restraint incident was referred to the Virginia Beach Child Protective Services ("CPS") Office, which opened an investigation. A CPS Investigator, Meghan Denham, conducted an investigation and disclosed her findings of "founded Level 1 disposition of physical abuse of a child." Following Ms. Denham's conclusion, Mr. Hagans was placed on pre-disciplinary leave.

In November 2015, Ms. Denham issued a letter detailing her findings (the "Denham Letter"). A letter was issued to Mr. Hagans notifying him of his right to an administrative appeal of its findings. Mr. Hagans appeared with counsel at the pre-disciplinary conference. Following the conference, the City issued a Request for Termination. This request was approved by the Director of Human Resources, Mr. Hawks, and Mr. Hagans' employment was terminated.

Mr. Hagans timely requested a grievance panel hearing regarding his termination. In response to Mr. Hagans' request, the City convened a grievance panel and received evidence from Mr. Hagans and the City regarding his termination.[1] At the hearing, over Mr. Hagans' objection, the City introduced the Denham Letter into evidence. Ms. Denham was not in attendance, and Mr. Hagans did not cross-examine her. At the conclusion of the hearing, the grievance panel upheld Mr. Hagans' termination.

Mr. Hagans filed this federal lawsuit against the City of Norfolk. In his Complaint, Mr. Hagans presented four claims against the City: deprivation of property interests in violation of 42 U.S.C. § 1983 (Count I); deprivation of liberty interests in violation of 42 U.S.C. § 1983 (Count II); declaratory judgment (Count III); and negligence (Count IV). The City filed a Motion to Dismiss. In Mr. Hagans' Memorandum in Opposition to Motion to Dismiss, he voluntarily dismissed Counts III and IV. The Court dismissed Count II. The remaining claim before the Court is Count I, deprivation of property interests in violation of 42 U.S.C. § 1983.

---

[1] Mr. Hagans had separately appealed the CPS founded disposition to the Virginia Department of Social Services. At an evidentiary hearing, Ms. Denham was available for cross-examination. ECF No. 1 at 7. The hearing officer reversed the founded disposition and determined that the abuse accusation against Mr. Hagans was unfounded. ECF No. 1 at 6. Ultimate reversal of the founded Level 1 disposition of abuse by the Department of Social Services does not impact the grievance panel's determination, nor compel reinstatement by the City.

## II. Motion for Summary Judgment

The City of Norfolk moves for summary judgment on Count I, the remaining procedural due process claim. Because there is "no factual dispute on the essentials of what transpired in the procedures leading to the termination, the question of whether due process was accorded [is] determinable as a matter of law." *Rodgers v. Norfolk Sch. Bd.*, 755 F.2d 59, 62 (4th Cir. 1985). The City also requests a hearing on the Motion. ECF No. 26. The Court resolves the Motion on the parties' briefing, and a hearing is unnecessary.

### a. Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247–48 (1986). Furthermore, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes that are irrelevant or unnecessary will not be considered by a court in its determination. *Id.* at 248.

The moving party bears the initial burden of demonstrating the absence of an essential element of the nonmoving party's case and that the moving party is entitled to judgment as a matter of law. *See Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 185 (4th Cir. 2004). A movant's "burden may be discharged by demonstrating that there is an absence of evidence to support the nonmoving party's case." *Goldberg v. B. Green and Co., Inc.*, 836 F. 2d 845, 847 (4th Cir. 1988) (internal citations and quotations omitted).

After a motion for summary judgment is properly made and supported, the opposing party must show that a genuine dispute of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). In order to successfully defeat a motion for summary judgment, the nonmoving party must rely on more than conclusory allegations, "mere speculation," the "building of one inference upon another," the "mere existence of a scintilla of evidence," or the appearance of "some metaphysical doubt" concerning a material fact. *Anderson*, 477 U.S. at 252; *see also Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

At this stage, a court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. In doing so, the court must construe the facts in the light most favorable to the nonmoving party and may not make credibility determinations or weigh the evidence. *See id.* at 255; *see also Holland v. Washington Homes, Inc.*, 487 F.3d 208, 213 (4th Cir. 2007).

b. Analysis

Mr. Hagans argues that he was denied due process because hearsay evidence, namely the Denham Letter, was admitted against him. He also contends that the panel violated City procedures and state law, which had been upheld previously as comporting with procedural due process. To prevail, Mr. Hagans "must show (i) that [he] has a constitutionally protected property interest, and (ii) that [he] has been deprived of that interest by state action." *Echtenkamp v. Loudon Cty. Pub. Sch.*, 263 F. Supp. 2d 1043, 1053 (E.D. Va. 2003) (*citing Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988)). "Once these elements are established, the question

turns to what process is due and whether it has been provided." *Id.* In the instant Motion, the City argues that Mr. Hagans has failed as a matter of law to maintain an action for deprivation of his right to continued employment without due process of law under 42 U.S.C. § 1983 and under the Fourteenth Amendment to the United States Constitution. The Court agrees.

### i. Property Interest

To have a protected property interest, an individual "must be entitled to a benefit created and defined by a source independent of the Constitution, such as state law." *Huang v. Bd. of Governors*, 902 F.2d 1134, 1141 (4th Cir. 1990). Mr. Hagans established that "[a]t all times relevant, Plaintiff was a non-probationary, classified employee of Defendant under Section 111 of the Charter of the City of Norfolk." ECF No. 1 at 2. The City also concedes that "Plaintiff had a property interest" in his continued employment. ECF No. 5 at 8. Therefore, as a public employee, Mr. Hagans has a constitutionally protected property interest in his continued employment. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985).

### ii. Deprivation

The next step is to determine whether Mr. Hagans has been deprived of this property interest. It is undisputed that Mr. Hagans was terminated from his position and deprived of his property right.

### iii. Process owed

The final step is to consider what process Mr. Hagans was due and whether it was provided. Courts balance the private interest at stake, the risk of an erroneous deprivation of such interest, and the Government's interest, including the burdens that additional procedure would have posed. *See Matthews v. Eldridge*, 424 U.S. 319, 335 (1976).

In this analysis, courts have held that "a tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Loudermill*, 470 U.S. at 546 (citing *Arnett v. Kennedy*, 416 U.S. 134, 170 (1974)). When terminated, "a public employee . . . [is] entitled to a very limited hearing prior to his termination, to be followed by a more comprehensive post-termination hearing." *Gilbert v. Homar*, 520 U.S. 924, 929 (1997) (citing *Loudermill*, 470 U.S. at 538–39). However, "a pretermination opportunity to respond, coupled with posttermination administrative procedures provides 'all the process that is due.' To require more 'would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee.'" *Holland v. Rimmer*, 25 F.3d 1251, 1258 (4th Cir. 1994) (citing *Loudermill*, 470 U.S. at 546–48) (internal citation omitted). The record is clear that Mr. Hagans attended a "pre-disciplinary conference" on November 20, 2015 and a post-termination "grievance panel" in July 2016.

1. Private Interest

The private interest in this case is Mr. Hagans' property interest in continued employment with the City of Norfolk. This interest has been characterized by courts as "substantial," though it does not rise to the "brutal need" of a welfare recipient. *Rodgers*, 755 F.2d at 63 (contrasting public employment with welfare benefits as determined in *Goldberg v. Kelley*, 397 U.S. 254, (1970)).

2. Risk of Erroneous Deprivation

In a recent case, the United States Court of Appeals for the Fourth Circuit balanced the *Matthews* factors and found no violation of a terminated public employee's procedural due process rights. *See Skinner v. Loudoun Cty. Dep't of Mgmt. & Fin. Servs.*, 602 F. App'x 907 (4th Cir. 2015). That plaintiff received notice of the "charges against him, the name of his accuser, and the

fact that there was at least one other eyewitness to the incident." *Id.* at 909. At a hearing, that plaintiff "presented evidence, testified on his own behalf, called a corroborating witness, and cross-examined" defense witnesses. *Id.* Although hearsay evidence of an unavailable witness was admitted and the plaintiff "was prevented from asking questions regarding [the witness's] motivations, impression, and agenda, he could have offered that evidence (if there was any) through other sources." *Id.* at 909–910.

The risk of erroneous deprivation was not measurably heightened by the panel's admission of the Denham Letter. Mr. Hagans was permitted to "present his side of the story." *Loudermill*, 470 U.S. at 546. Mr. Hagans was afforded identical opportunities but failed to effectively offset the evidence against him.

In another case, a plaintiff received notice of the charges in a pre-termination hearing, opportunities to contest the charges pre-termination and post-suspension, and was given a month to "marshal facts and evidence before review" of her suspension. *Rodgers*, 755 F.2d at 63. The reviewing Court in *Rodgers* held that these measures satisfied procedural due process. *Id.* at 64. The Court also noted that the right to confront adverse witnesses[2] is not an essential element of procedural due process where the claimant is "protected by adequate alternative procedures." *Rodgers*, 755 F.2d at 64; *see also Detweiler v. Com. of Va. Dep't of Rehab. Servs.*, 705 F.2d 557,

---

[2] In criminal prosecutions, admission of testimonial hearsay against a defendant without demonstration that the speaker is unavailable and was cross-examined violates the Confrontation Clause in the Sixth Amendment to the United States Constitution. *See Crawford v. Washington*, 541 U.S. 36 (2004). No such standard exists in civil law. *See Brumley v. Albert E. Brumley & Sons, Inc.*, 727 F.3d 574, 578 (6th Cir. 2013) ("The Supreme Court's requirement that the truthfulness of a statement be so clear that the test of cross-examination be of marginal utility is specific to the Confrontation Clause."); *Sanchez v. Brokop*, 398 F. Supp. 2d 1177, 1193 n.5 (D.N.M. 2005) ("[P]resumably the court would have been more careful in permitting such testimony [in criminal cases] than in a civil case."); *see also Sykes v. District of Columbia*, 518 F. Supp. 2d 261, 268 (D.D.C. 2007) ("[P]recedents fully support the necessity of the Confrontation Clause in a criminal case but fail to address, expand, or distinguish its applicability to the present administrative forum."). Accordingly, the explanation for why Mr. Hawks, initiated termination against Mr. Hagans—the evidence contained in the Denham Letter—is not subjected by procedural due process doctrine to rigorous evidentiary standards.

7

560 (4th Cir. 1983) ("Provision for compulsory process for witnesses is not an essential element of due process at an employee's grievance hearing.").

To the extent that he was prevented from directly confronting certain adverse witnesses, Mr. Hagans was nevertheless afforded "adequate alternative procedures."[3] No lack of notice or opportunity[4] prevented him from impeaching Mr. Hawks or the other witnesses who testified, or from introducing criminal transcript testimony by witness N.G., or from procuring testimony from Ms. Denham. *See Bradley v. Colonial Mental Health*, 856 F.2d 703, 709 (4th Cir. 1988) ("Given their status as former counselors to two of the clients, they were uniquely able to bring to the adjudicators' attention any and all impeachment information they acquired as a result of the relationship."); *see also Green v. Bd. of Sch. Comm'rs*, 716 F.2d 1191, 1193 (7th Cir. 1983) (holding that providing a public employee plaintiff with notice and written adverse testimony satsifed due process, despite plaintiff's inability to know witnesses' identities or cross-examine them at hearing).

Instead, several witnesses testified at the hearing and were subject to cross-examination. Mr. Hagans was given a full and equal opportunity for presentation of his evidence.[5] His failure to persuade the panel, despite a "fair opportunity to account for any particular animosities . . . that would have led [eyewitnesses or Ms. Denham] to make unfounded accusations against" him does not violate the Due Process Clause. *Rodgers*, 755 F.2d at 63. Accordingly, the risk of the panel's

---

[3] Despite Plaintiff's contention, the factual dispute regarding the Denham Letter's "effect on the ultimate outcome" of the grievance hearing is rendered immaterial to whether Plaintiff was afforded due process by the "adequate alternative procedures" afforded. *See* ECF No. 24 at 13. Whether the Denham Letter was seriously considered by the panel or mostly ignored does not affect the Court's inquiry, which focuses more broadly on Mr. Hagans' notice and opportunity to be heard.

[4] *See Rodgers*, 755 F.2d at 63.

[5] The Government's argument that it was equally disadvantaged by lack of practical mechanism to compel Ms. Denham's in-person testimony is unpersuasive. ECF No. 25 at 16. A fairer comparison would involve a witness, adverse to the City, whose opinions were admitted without cross-examination. Still, the City provided sufficient due process.

8

erroneously depriving Mr. Hagan of his property interest by admitting and considering the Denham Letter was low.

Mr. Hagans also alleges that the admission of the Denham Letter violated the City's and state's procedures.[6] ECF No. 24 at 14. To the extent that the city's or state's rules were violated by the panel, such violations are insufficient to trigger a due process violation. *See Detweiler*, 705 F.2d at 561; *accord Garraghty v. Com. Of Va., Dep't of Corr.*, 52 F.3d 1274, 1285 (4th Cir. 1995) ("[I]f a state grievance law grants more procedural rights than the constitution requires, failure to comply with state law does not create a federal due process violation."); *see also Leftwich*, 635 F. Supp. at 241 ("The procedures to which plaintiff is entitled are delineated by the Due Process Clause, not Virginia regulations or statutes."). Mr. Hagans cites cases that identified Virginia's grievance procedures as compliant with due process if they are followed, *supra*. However, Mr. Hagans cites no case supporting his position that the inverse is true—that the City's or Virginia's procedures are more inclusive than the United States Constitution. Any deviation from those procedures do not automatically constitute a constitutional violation, and the risk of erroneous deprivation remained low.

### 3. Government's Interest

The Government has a strong administrative interest in resolving personnel matters swiftly. *See e.g. Garraghty*, 52 F.3d at 1282. It also has a "weighty interest in expeditiously removing employees who recklessly endanger the ... children the public has placed in their care." *Rodgers*, 755 F.2d at 64. The sooner a public entity resolves employee discipline, the sooner it can reallocate

---

[6] "Virginia law requires four basic elements in a post-termination grievance hearing. These include: (1) written notice of the termination with reasons therefor; (2) a hearing before an impartial three-member panel; (3) an opportunity to present, examine, and cross-examine witnesses; and (4) a panel decision that adheres to "law and written policies." *Leftwich v. Bevilacqua*, 635 F. Supp. 238, 242 (W.D. Va. 1986). Mr. Hagans alleges deficiencies with the third and fourth elements.

9

resources and return to efficiently providing services. Nevertheless, the cost of additional or substitute process in this case was not high.

However, because Mr. Hagans was provided multiple avenues to tell his side of the story, the grievance panel's consideration of hearsay evidence did not violate his constitutional right to due process. Also, procedural due process is not violated by *any* deviation from the City's or state's grievance procedures. Because Mr. Hagans has failed to raise a genuine issue of material fact regarding the constitutionality of the process that he was provided, the City's Motion for Summary Judgment is **GRANTED**.

### III. Motion *in Limine*

On March 1, 2019, the City of Norfolk filed a Motion to exclude certain evidence from trial. ECF No. 27. Given the Court's granting of summary judgment, the Motion is **DISMISSED** as moot.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 22) is **GRANTED**; the request for hearing (ECF No. 26) is **DENIED**; the Motion *in Limine* (ECF No. 27) is **DISMISSED as moot**.

The Clerk is **REQUESTED** to forward a copy of this Order to all parties.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

April 23rd, 2019
Norfolk, Virginia